FILED

NOT FOR PUBLICATION

JUL 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENT DAVIS,

Plaintiff - Appellant,

v.

COUNTY OF SAN BERNARDINO; SAN
BERNARDINO SHERIFF'S
DEPARTMENT; STEVE SPEAR,

Defendants - Appellees.

No. 10-55043

D.C. No. 5:08-cv-01262-SVW-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted June 8, 2011
Pasadena, California

Before: B. FLETCHER, and N.R. SMITH, Circuit Judges, and R. BREWSTER,
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Rudi M. Brewster, Senior United States District Judge
for the Southern District of California, sitting by designation.

Kent Davis appeals the district court's conclusion of law, following a bench trial, that the sheriff had probable cause to arrest him for willfully resisting, delaying, or obstructing a peace officer in the discharge of his duties in violation of Cal. Penal Code §148(a)(1).

We affirm because the sheriff had probable cause to arrest Davis based upon Davis' entire pattern of erratic and defiant conduct. The arrest did not punish mere speech. The sheriff had legitimate reasons to request the car keys, including, but not limited to, avoiding damage to the pristine vintage Cadillac during towing; opening the trunk to check if Davis brought his firearm with him; and preventing Davis from fleeing the scene with the car. Davis's behavior gave the police officer probable cause to believe that Davis obstructed the lawful exercise of authority to impound the unregistered car. Smith v. City of Hemet, 394 F.3d 689, 696-97 (9th Cir. 2005) (en banc) ("The acts by Smith include twice refusing to take his hands out of his pockets, reentering the home once; repeatedly refusing to put his hands on his head and come down the porch[;] and, finally, refusing to put his hands on his head and turn around. Each of these acts constituted a violation of § 148(a)(1) sufficient to warrant the filing of a criminal charge."); cf. Mackinney v. Nielsen, 69 F.3d 1002, 1006 (9th Cir. 1995) (no probable cause under §148(a)(1) when

plaintiff "refused to comply for only a few seconds" then "immediately turned around" to see who ordered him to stop writing on sidewalk).

AFFIRMED.